UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARISSA J. LONARDO,<br><br>                                  Plaintiff,<br><br>- against -<br><br>MANUEL ALEJANDRO RUIZ, CHOSEN FEW EMERALD ENTERTAINMENT, INC., CHOSEN FEW ARTIST MANAGEMENT, INC., CHOSEN FEW ENTERTAINMENT, LLC, and SONG OF JOY RUIZ WONDER PUBLISHING, INC.,<br><br>                                  Defendants. | Case No.: 2:19-cv-04907(DLI)(RML) |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Rick Ostrove, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, New York 11514

*Attorneys for Defendants*

*Date of service: March 20, 2020*

## **PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in opposition to Plaintiff's motion to amend. As a preliminary matter, Plaintiff's amended complaint added some time frames to certain factual paragraphs. Although the time frames are inaccurate and Plaintiff's counsel should consider making such allegations accurate, we do not have an objection to those additions. As to the added retaliation claims, Defendants oppose those for the reasons set forth below.

## **STANDARD ON A MOTION TO AMEND**

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is within the discretion of the district court, and the non-moving party bears the burden of demonstrating why leave to amend should be denied. *See Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 581-82 (E.D.N.Y. 2011).

Leave to amend, however, must be denied when the amendment would be futile. *See Warshun v. New York Comm. Bancorp, Inc.*, 957 F. Supp. 2d 259, 265 (E.D.N.Y. 2013) (denying motion to amend as futile where plaintiff's ADA claim failed as a matter of law); *Sodhu v. Mercedes Benz Financial Services, USA, LLC*, 957 F. Supp. 2d 252, 255 (E.D.N.Y. 2013) (motion to amend the complaint was denied as futile where plaintiff's contract claims failed as a matter of law); *Molina v. New York*, 956 F. Supp. 257, 261 (E.D.N.Y. 1995) (dismissing the action and denying a motion to amend the complaint because the proposed amendments were found to be meritless and futile). "A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *See Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 2014 WL 3400462, at *2 (E.D.N.Y.

2014) (quoting *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (2d Cir.2006)) (denying motion for leave to file an amended complaint as futile and dismissing plaintiff's claims for discrimination under the ADEA and NYSHRL where plaintiff failed to allege sufficient facts to withstand a 12(b)(6) motion to dismiss); *Fortune v. Group Long Term Disability Plan for Employees of Keyspan Corp.*, 588 F. Supp. 2D 339, 342 (E.D.N.Y. 2008) (motion to amend the complaint denied as futile where causes of action would not withstand 12(b)(6) motion to dismiss); *Crippen v. Town of Hempstead*, 2009 WL 803117, fn.1 (E.D.N.Y. 2009) ("[T]he standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss -- namely -- the court must determine whether the allegations in the complaint state a claim upon which relief can be granted.")

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As set forth below, the claims added in Plaintiff's proposed Amended Complaint fail to state a plausible cause of action against Defendants. Accordingly, the motion for leave to amend should be denied.

## **RETALIATION UNDER THE FLSA AND NYLL**

Defendants agree with Plaintiff's recitation of the standard of law applicable to a retaliation claim under the FLSA and the NYLL. A plaintiff must "plead facts showing a prima facie case of retaliation, namely: (1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Salazar v. Bowne Realty Assocs., L.L.C.*, 796 F.

3

Supp. 2d 378, 384 (E.D.N.Y. 2011) (citing *Mullins v. City of New York*, 626 F.3d 47 (2d Cir. 2010) (FLSA); *Higueros v. New York State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007) (NYLL).

As a matter of law, Plaintiff's proposed amended complaint does plausibly meet the threshold of an adverse employment action. Plaintiff cites to *Porter v. MooreGroup Corp.*, which accurately describes the relevant standards:

> Under Second Circuit case law, an adverse employment action in an FLSA case is a "materially adverse change" in the terms and conditions of employment; some examples of types of adverse employment actions include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."
>
> The United States Supreme Court held, in *Burlington Northern & Santa Fe Railway Co. v. White*, a case involving a retaliation claim under Title VII, that an adverse employment action includes one that "might well 'have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" The Second Circuit has applied the legal standard announced in *Burlington Northern* to FLSA retaliation claims. Retaliation claims made by former employees for post-employment conduct are, however, allowed under "relatively narrow" circumstances. For instance, courts in the Second Circuit have recognized actionable retaliation claims in situations involving either "employment-related harm or a threatened legal claim," including threatening immigration-related consequences and instituting bad faith litigation against the employee. *See Li*, 2015 U.S. Dist. LEXIS 102597, *7; *Liu v. Elegance Rest. Furniture Corp.*, 2017 U.S. Dist. LEXIS 160110, *14 (E.D.N.Y. 2017) (finding that a former employer's text messages threatening to alert authorities of plaintiff's immigration status is an adverse employment action); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 472-73 (S.D.N.Y. 2008) (noting that "baseless claims or lawsuits designed to deter claimants from seeking legal redress constitute impermissibly adverse retaliatory actions").

*Porter v. MooreGroup Corp.*, 2020 WL 32434 (E.D.N.Y. 2020)(most citations omitted). In *Porter*, the court found an adverse employment action existed because the Defendants "used bogus federal agents to threaten former employees with back taxes" which the court found was likely to discourage others from enforce their FLSA rights. *Id.* at *35. It is clear that a "mere

inconvenience" is not an adverse employment action even under the more liberal retaliation standard. Fairbrother v. Morrison, 413 F.3d 39, 56 (2d Cir 2005).

Here, the allegations in the amended complaint are not plausibly close to the level of an adverse action. The amended complaint describes three incidents. Each is discussed below.

> 1. On December 23, 2019, Ruiz's mother and daughter visited Plaintiff's home and began urging her to drop the litigation. *Amended Comp.* at ¶ 66. Plaintiff told them that she was instructed by her attorneys not to discuss the litigation. *Id.* at ¶ 68.

This is the full extent of what is described regarding the first incident. There was no threat, there is no hostility, and after Plaintiff refused to discuss it with them, the discussion appears to have ended. There is not even an allegation of a raised voice or an angered tone. Plaintiff's husband was present and there is no indication of any fear or intimidation. *Id.* at ¶ 69. Plaintiff does not allege that this even made her feel uncomfortable. Even if plaintiff was mistreated during this interaction, which she has not alleged, that would not be adverse. *See Davis v. Verizon Wireless*, 389 F. Supp. 2d 458, 478 *W.D.N.Y.2005) ("Menacing looks, name calling, or being shunned by co-workers does not constitute an adverse employment action.").

In sum, Plaintiff was asked to drop the suit. She said she would not discuss it, and that was the end of the discussion. Under no circumstances should this be considered an adverse employment action. Accordingly, this amendment cannot be permitted.

> 2. The second event was on January 3, 2020. *Id.* at ¶ 70. According to Plaintiff, a "personal associate" of Ruiz tried to contact Plaintiff at work. Plaintiff did not speak to him. *Id.* at ¶ 71.

That is the full extent of the second incident. Again, Plaintiff does not allege in the amended complaint that this incident caused her fear or intimidation, nor would it be plausible for her to so allege. Under no circumstances can this be considered an adverse employment action. Accordingly, this amendment cannot be permitted.

5

3. The third incident occurred later on January 3, 2020. Plaintiff alleges that Ruiz "began harassing and intimidating Plaintiff." *Id.* at ¶ 77. Ruiz was "urging that he needed to speak with Plaintiff." *Id.* at ¶ 77. Plaintiff's colleagues were there and allegedly said that they would call the police – then Plaintiff got in her car and left. *Id.* at ¶ 80.

First, Plaintiff has interspersed conclusory allegations among alleged facts. The conclusion that Ruiz "began harassing and intimidating Plaintiff" are mere conclusions that have no meaning. Such bare conclusory allegations cannot withstand a motion to dismiss. *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247 * (2d Cir. 2014) (repeatedly citing the *Twombly* and *Iqbal* requirement that "a complaint *support* the viability of its claims by pleading sufficient nonconclusory factual matter" and noting that "labels and conclusions" will not suffice). Similarly, Plaintiff's alleges that she was "afraid and worried for her safety", but she does not describe any words or actions by Ruiz that could plausibly justify the alleged concern. *Id.* at ¶ 78.

Second, as to the actual facts described in these paragraphs, there are no non-conclusory allegations that could plausibly lead to the conclusion this incident was anything other than Ruiz trying to talk to her, her declining to do so, then her leaving. Plaintiff alleges no further efforts to contact her thereafter. Under no circumstances can this be considered an adverse employment action. Accordingly, this amendment cannot be permitted.

**Adverse Action - Conclusion**

In sum, even the totality of all three incidents do not come close the adverse employment action threshold. The few cases cited by Plaintiff are instructive. For example, Plaintiff cites to *Li v. Oliver King Ents., Inc.*, 2015 WL 4643145 (S.D.N.Y. 2015). However, in that case Judge Caprioni held:

> Plaintiff has not cited a single post-employment retaliation case from this Circuit or elsewhere that did not involve either employment-related harm or a threatened legal claim against the plaintiff, and the Court has found none. Plaintiff's

allegations, therefore, do not fall into a category of retaliation that has heretofore been recognized in this Circuit.

The examples Judge Caprioni found where an adverse action was held included "instituting bad faith or groundless counterclaims or instituting bad faith litigation against the employee." One example to which she cited, *Centeno-Bernuy v. Perry*, 302 F. Supp. 2d 128 (W.D.N.Y. 2003), was a case where the defendants reported Plaintiffs to "the Immigration and Naturalization Service as terrorists."

Here, none of these allegations constitute any employment-related harm or a threatened legal claim. While Plaintiff appears to be trying to argue that Ruiz visit to the outside of her workplace somehow constitutes an employment-related harm, no such harm is plausibly alleged. There is no allegation of a threat to contact immigration authorities, to file baseless claims or lawsuit to deter Plaintiff seeking legal redress.

Plaintiff has alleged an employment relationship with Ruiz that exceeds a decade. She does not allege that there was any hostility or problem with their relationship. Even putting aside that it will be borne out that there was a friendly relationship, a cordial, personal relationship can be plausibly inferred based on the pleading. Plaintiff has alleged a decade long relationship as a personal assistant that included "accompanying and traveling with Ruiz." Am. Comp. ¶ 78. By its nature, the type of work she was performing would imply a close working relationship involving personal issues. It is therefore not surprising that over that decade, Plaintiff would have known Ruiz' mother and daughter who knew her well enough to visit Plaintiff's home, at which time, it can be inferred that Plaintiff willingly spoke with them until she was done with the conversation and they then left. Again, discovery will reveal that Plaintiff was exceptionally close friends with Ruiz' daughter, but that fact is not needed for the moment as there is no indication of any hostility in the allegations of the amended complaint.

Ruiz's minimal and appropriate efforts to communicate with someone with whom he had such a lengthy and personal relationship cannot possibly be construed as an adverse action. The conduct here is not even remotely close to any other case that Plaintiff's counsel has identified where an adverse action has been found. The allegations herein are innocuous, especially compared to other instances in the Circuit that have been found to be adverse. Accordingly, Plaintiff's request to add retaliation claims must be denied.

## **CONCLUSION**

Based on the foregoing information, Plaintiff's motion to amend the complaint should be denied in its entirety.

Dated: Carle Place, New York
   March 20, 2020

                           S/_____
                           Rick Ostrove, Esq.
                           **Leeds Brown Law, P.C.**
                           One Old Country Road, Suite 347
                           Carle Place, NY 11514
                           (516) 873-9550
                           rostrove@leedsbrownlaw.com

                           *Attorneys for Defendants*