# TULLY RINCKEY PLLC
## ATTORNEYS & COUNSELORS AT LAW

441 NEW KARNER ROAD
ALBANY, NEW YORK 12205-3884
(518) 218-7100
FAX: (518) 218-0496
WWW.TULLYLEGAL.COM
EMAIL: INFO@TULLYLEGAL.COM

<u>VIA ECF</u>

May 26, 2021

Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201

      RE:    *Lonardo v. Ruiz et al*
               Civil Case No. 2:19-cv-04907-DLI-RML
               <u>Letter Motion for In Person Conference</u>

Dear Judge Levy,

      On April 26, 2021, the Court Ordered the parties to submit the settlement agreement for fairness review under *Cheeks v. Freeport Pancake House*, within thirty (30) days. As the Court is aware the Parties agreed to resolve their claims during mediation presided by Stephen Sonnenberg, Esq. The final agreement was reached after a "Mediator's Proposal" issued by Mr. Sonnenberg, to which both parties voluntarily agreed to settle all claims.

      Since the time of settlement, undersigned counsel has been communicating with Defendants' counsel regarding the terms and conditions of that Settlement Agreement, but as of today's date still has not received a final signed agreement from Defendants. Undersigned counsel has prepared a Letter Motion pursuant to *Cheeks* for approval of the settlement. Defense counsel has reviewed the motion and does not oppose the motion. While the parties agreed to a settlement in principal, and counsel have negotiated the terms of the Agreement, defense counsel has been unable to give final approval as to the word of the final draft of the Settlement Agreement, let alone sign the actual Agreement.

      Earlier today, I spoke with Defendants' counsel, Rick Ostrove, Esq., who informed me that Defendants and co-counsel, Stephen D. Hans, Esq., were reviewing the proposed Settlement Agreement, but neither Mr. Hans nor Defendants have responded to any of undersigned counsel's inquiries.

      For the reasons set forth above, we respectfully request that the Court order an in person conference to be attended by all parties to confirm the settlement which all parties voluntarily agreed to, and for the Court to order the Defendants to pay undersigned counsels costs for attending the conference as the inability to memorialize the parties settlement has been solely borne by the

inability of Defendants to respond.  Plaintiff is readily, willing, and able to submit the Settlement Agreement and a Letter Motion outlining why the Court should approve the Settlement Agreement pursuant to *Cheeks*, but for Defendants refusal to cooperate.

  We thank you for your time and consideration.

            Respectfully Submitted,

            */s/ Michael W. Macomber*
            Michael W. Macomber, Esq.
            Partner & CEO
            TULLY RINCKEY PLLC
            441 New Karner Road
            Albany, NY 12205
            Tel: (518) 218-7100
            MMacomber@fedattorney.com