# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made between and among Plaintiff Marissa J. Lonardo ("Plaintiff") and Defendants Manuel Alejandro Ruiz, Chosen Few Emerald Entertainment, Inc., Chosen Few Artist Management, Inc., Chosen Few Entertainment, LLC, and Song of Joy Ruiz Wonder Publishing, Inc. (collectively "Defendants").

**WHEREAS**, on or about August 28, 2019, Plaintiff commenced an action ("the Action") in United States District Court, Eastern District of New York, Case No. 2:19-cv-04907-DLI-RML, wherein she asserted various claims to recover alleged unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL");

**WHEREAS**, on or about October 10, 2019, Defendants filed an Answer to Plaintiff's Complaint, wherein they explicitly denied each and every claim asserted by Plaintiff, and asserted Seven Affirmative Defenses;

**WHEREAS**, on or about February 12, 2020, Plaintiff commenced a second action ("the Second Action") in the Supreme Court of the State of New York County of Suffolk, Index No. 602636/2020.

**WHEREAS**, on or about February 24, 2021, Plaintiff and Defendants participated in the JAMS mediation program before Mediator Stephen Sonnenberg;

**WHEREAS**, to avoid the uncertainties and expense of future proceedings in this matter, the parties have reached an agreement in principle to settle this matter, and have reached a separate and contingent agreement in principle to settle the Second Action;

**WHEREAS,** the parties wish to memorialize their agreement by agreeing as follows:

1. **Consideration to be provided to Plaintiff**

In consideration for the promises made by Plaintiff set forth in this Agreement, Defendants agree to pay Plaintiff and her counsel the total sum of Eight-nine Thousand Dollars and Zero Cents ($89,000.00). The first payment shall be made within seven (7) calendar days of the Court's approval of this Settlement Agreement and entry of an Order of Dismissal of the Action. The settlement amount will be in the form of three (3) payments: (1) the first payment in the amount of Thirty-Five Thousand Dollars and Zero Cents ($35,000.00) within seven (7) days of approval and dismissal of the Action; (2) the second payment in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00) within three (3) months of the first payment; and, (3) the third payment in the amount of Thirty-Four Thousand Dollars and Zero Cents ($34,000.00) within six (6) months of the first payment. All three (3) payments shall be delivered when due upon Plaintiff's counsel, Tully Rinckey, PLLC, located at 441 New Karner Road Albany, NY 12205 c/o Michael W. Macomber, Esq. Along with a fully executed Agreement, Plaintiff's counsel shall provide fully executed W-9 tax forms to Defendants' counsel.

In consideration of the Plaintiff's agreement to permit deferred payment as provided above, if any portion of the payment due under this Decree to any Claimant is not issued and mailed in full within the period required plus ten (10) calendar days of the due date, then for each additional day beyond the ten (10) calendar day grace period the payment remains unpaid, Defendants must pay Two Hundred and Fifty Dollars and Zero Cents ($250.00) for each deliquent day to the Plaintiff.

The parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff or her counsel under this paragraph, each party shall be solely and completely responsible for the taxes, interest or penalties owed.

The parties agree that they will cooperate in making an application to the Court for approval of this Agreement.

**2. Personal Guaranty**

In consideration of the Plaintiff's agreement to permit deferred payment as provided in Paragraph 1, Defendant, Manuel Alejandro Ruiz hereby grants to the Planitiff his personal guaranty of the payments set forth in Paragraph 1, above. That guaranty is attached as **Exhibit A** to this Agreement. That guarany is to be paid by Manuel Alejandro Ruiz from his assets in the event that any of the payments set forth in Paragraph 1, above, is not timely made by Defendants. Manuel Alejandro Ruiz consents to the jurisdiction of this Court for enforcing this guaranty and any disputes thereunder and acknowledges that it is enforceable fully as to all outstanding payments set forth in this Decree, without further notice or action of any kind, if any of those payments are not timely made by Defendants.

Any bankruptcy, reorganization or dissolution of Defendants (or any successor, assign, or other entity), or Manuel Alejandro Ruiz, will have no effect on the obligation of Manuel Alejandro Ruiz to make all payments due and owing under this Agreement. Plaintiff is not required to first enforce against Defendants (or any successor, assign or other entity) any liability, obligation, or duty guaraneteed by Manuel Alejandro Ruiz before seeking enforcement against Manuel Alejandro Ruiz. Plaintiff need not join Defendants (or any successor, assign, or other entity) in any action to enforce any liability, obligation, or duty of Manuel Alejandro Ruiz.

**3. Adequate Consideration**

Plaintiff expressly agrees and acknowledges that the consideration referred to in this Agreement constitutes adequate and ample consideration for the rights and claims she is waiving and for the obligations imposed upon her by virtue of the Agreement. This valuable consideration

represents a complete settlement, satisfaction, release, discharge, and waiver of all claims for allegedly unpaid wages, lost wages, benefits or other compensation, mental, physical or other personal injuries, pain and suffering, liquidated damages, emotional damages, punitive damages, attorneys' fees, costs, and any other relief which Plaintiff was seeking in this Action against Defendants, including all claims which were brought, or could have been brought pursuant to the FLSA, and the NYLL. Plaintiff expressly agrees and acknowledge that Defendants have promised to pay the consideration referred to in Paragraph 2 of the Agreement and to release all counterclaims asserted or which could have been asserted against Plaintiff in exchange for the releases, waivers, and promises made by Plaintiff in the Agreement.

**4.  Release**

In consideration for the payments provided by Defendants, Plaintiff for herself and for her heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasors"), except as provided in Paragraph 5, forever releases and discharges Defendants, Chosen Few Emerald Entertainment, Inc., Chosen Few Artist Management, Inc., Chosen Few Entertainment, LLC, and Song of Joy Ruiz Wonder Publishing, Inc., and its present or former parent corporations, subsidiaries, divisions, affiliated entities, shareholders, successors, executors, officers, partners, directors, agents, fiduciaries, representatives, assigns, and Manuel Alejandro Ruiz, and his heirs, executors, administrators, trustees, legal representatives, successors and assigns (hereinafter referred to collectively as "Releasees"), from any and all claims which were asserted by Plaintiff in this Action and in the Second Action, including any and all claims brought pursuant to the FLSA, the NYLL, and their respective implementing regulations or wage orders, including claims for unpaid wages, unpaid minimum wage, unpaid overtime, wage theft notice, misclassification, spread of hours, illegal

4

deductions, off-the-clock work, upaid tips, and common law claims associated with the same. In turn, Releasees forever release and discharge Plaintiff, her heirs, executors, administrators, trustees, legal representatives, successors and assigns from any and all claims which were or could have been or could have been asserted against her in this Action and in the Second Action.

**5.**     **Claims Not Released**

Plaintiff agrees not to file any claim against Releasees in any administrative or judicial form for any claims that are released in this Agreement. Notwithstanding the foregoing, Plaintiff is not waiving or releasing: (i) any claims arising after this Agreement is executed; (ii) any claims which may arise in order to enforce this Agreement; and/or (iii) any claims or rights which cannot be waived by law. In addition, nothing herein in this Agreement shall be deemed to waive any right Plaintiff may have to file any claim with the National Labor Relations Board or the Equal Employment Opportunity Commission where such claim cannot be waived. However, notwithstanding any such right to file a claim, Plaintiff shall not recover any monetary damages and shall not be entitled to any individual relief on her behalf as a result of filing said claim unless said monetary damages cannot waived in accordance with applicable law.

**6.**     **Filing of Stipulation of Dismissal**

The parties intend for Plaintiff to waive any and all claims related to her wages or compensation she may have against Defendants, including claims under the FLSA, and therefore desire that this Agreement be approved by the United States District Court. Accordingly, the parties agree to file a Joint Letter Motion for Approval of the Settlement Agreement within five (5) calendar days after full execution of this Agreement.

Upon execution of this Agreement, the parties agree to execute within five (5) business days the *Stipulation of Dismissal with Prejudice*, annexed hereto as **Exhibit B**, to be approved by the Court by filing a motion for approval of this Agreement.

Upon execution of this Agreement, the parties agree to immediately execute a *Confidential Negotiated Settlement Agreement and General Release*, for the Second Action, along with a *Stipulation of Dismissal with Prejducie of the Second Action*, which will be held in escrow by counsel for Plaintiff. Plaintiff will hold the *Stipulation of Dismissal with Prejudice of the Second Action* until such time as all payments are made pursuant to both Settlement Agreements.

**7.**     **No Admission of Liability**

The parties hereby agree and acknowledge that nothing contained in the Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by either party. Defendants expressly deny that the claims asserted by Plaintiff in this case have any merit whatsoever, and Defendants expressly deny they engaged in any wrongdoing of any kind with respect to Plaintiff.

**8.**     **Non-Disparagement & Neutral Reference**

Plaintiff agrees that she will not make any derogatory statements, either oral or written, about Defendants that relate to any matter occurring prior to the date of the Agreement, including but not limited to Plaintiff's work, the fact and circumstances surrounding the Second Action, and/or employment with the Defendants. Notwithstanding the above, nothing in this Agreement shall prohibit Planitiff from speaking truthfully about her claims and/or defenses under the FLSA, or the resolution of the claims alleged in the Action under the FLSA, or her experience in litigating the Action.

6

Defendants agree that they will not make any derogatory statements, either oral or written, about Plaintiff, her employment, or any matter occurring prior to the date of this Agreement. With respect to any inquiries from prospective employers or background checks, the Defendants agree to provide dates of employment, title, and salary only.

9. **Bona Fide Dispute**

After consultation with their counsel, and in consideration of all the facts and circumstances surrounding her employment with Defendants, Plaintiff agrees this Agreement is a settlement of a disputed claims. The parties agree that there are *bona fide* disputes as to whether Plaintiff could prevail on the merits of her claims, and that the amounts being paid to Plaintiff, as set forth in Paragraph 1, are a fair and reasonable resolution to these *bona fide* disputes. Plaintiff stipulates and agrees that the terms of this Agreement represent a reasonable compromise of *bona fide* disputes regarding her statutuory wages, including minimum wage compensation, liquidated damages, penalties, and any other relief under the FLSA and NYLL.

10. **No Future Employment**

Plaintiff agrees that she will not knowingly seek employment with Defendants, their parent corporations, subsidiaries, divisions, affiliates, or agents at any time in the future.

11. **Governing Law and Interpretation**

The Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

12. **Severability**

Should any part of the Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of the Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of the Agreement.

**13.  Disputes; Damages**

In any dispute concerning an alleged breach of the Agreement, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs, including for actions on appeal and collection proceedings.

**14.  Jurisdiction**

The parties expressly agree that the United States District Court for the Eastern District of New York ("EDNY") shall retain sole and exclusive jurisdiction over any action or proceeding to enforce or otherwise arise out of this Agreement.  By execution of this Agreement, each party irrevocably and unconditionally (i) submits to the jurisdiction (both subject matter and personal) of the EDNY in any action or proceeding a Party hereto reasonably commences for the purpose of enforcing this Agreement; (ii) waives any objection they may now or hereafter have to venue of legal proceedings arising out of this Agreement brought in the EDNY; and (iii) waives any claim that any action or proceeding arising out of this Agreement brought in the EDNY has been brought in an inconvenient forum.

**15.  Advice of Counsel**

Plaintiff and Defendants acknowledge that they have had an opportunity to receive advice about the terms and legal effects of the Agreement from counsel of their choosing.  Plaintiff and Defendants hereby represent that they have consulted their attorney(s) about the Agreement before

8

signing it. The parties further acknowledge that they have read this Settlement Agreement in its entirety, that they have had an opportunity to discuss it with counsel, that they understand its terms, that they are fully competent to enter into it, that they have had a reasonable time within which to consider this Agreement and its terms before signing it.

**16.    Voluntary Agreement**

The parties agree that they are signing this Agreement of their own free will, without coercion or duress, and voluntarily assent to all the terms and conditions contained herein.

**17.    Entire Agreement**

The parties agree that this Agreement represents the complete understanding between the parties and no other promises or agreements shall be binding unless in writing and signed by the parties.  This is an all-inclusive Agreement and the parties agree that there are no other written, oral, and/or implied representations, promises, or agreements that exist between them, except as otherwise provided in this Agreement or the *Confidential Negotaited Settlement Agreement and General Release* in the Second Action.

**18.    Modifications and Amendments**

The Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

**19.    Counterparts**

This Agreement may be executed in counterparts, and delivered by facsimile or email, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.

**20.    Section Headings**

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

21. **Acknowledgment of Full Understanding**

Plaintiff acknowledges and agrees that she has fully read, understand, and voluntarily enter into this Agreement. Plaintiff acknowledges and agrees that she has had an opportunity to ask questions and consult with her attorney before signing this Agreement. Plaintiff further acknowledges that her signature below is an agreement to release Defendants from any and all claims that were asserted in this Action.

22. **Authority to Execute Agreement**

The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and peform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

**WHEREFORE**, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLIANTIFF IS ADVISED TO SPEAK WITH HER ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

MARISSA J. LONARDO

Name: *Marissa J. Lonardo*

Signature: *[signature]*

Date: 6/2/21

DocuSign Envelope ID: 16602B4D-A32A-4401-90F2-C9322D7C8E86

Section headings are used herein for reference only, and do not affect the meaning of any provision of this Agreement.

**21.    Acknowledgment of Full Understanding**

Plaintiff acknowledges and agrees that she has fully read, understand, and voluntarily enter into this Agreement. Plaintiff acknowledges and agrees that she has had an opportunity to ask questions and consult with her attorney before signing this Agreement. Plaintiff further acknowledges that her signature below is an agreement to release Defendants from any and all claims that were asserted in this Action.

**22.    Authority to Execute Agreement**

The undersigned individuals hereby warrant and represent that they have the full authority to make the representations and warranties contained in this Agreement, and to execute and peform this Agreement, on behalf of the individuals and entities for which or whom they have signed, and that they are acting within the scope of their authority.

WHEREFORE, the parties hereto have voluntarily caused this Agreement to be signed as of the day and dates indicated below.

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH HER ATTORNEY BEFORE SIGNING THIS AGREEMENT.**

MARISSA J. LONARDO

Name:       _____

Signature:  _____

Date:       _____

CHOSEN FEW EMERALD ENTERTAINMENT, INC.

Name: Manuel Alejandro Ruiz

Title: CEO

Signature: *Manuel Alejandro Ruiz* (DocuSigned by: 30E5EF8659B343B...)

Date: June 1, 2021

CHOSEN FEW ARTIST MANAGEMENT, INC.

Name: Manuel Alejandro Ruiz

Title: CEO

Signature: *Manuel Alejandro Ruiz* (DocuSigned by: 30E5EF8659B343B...)

Date: June 1, 2020

CHOSEN FEW ENTERTAINMENT, LLC

Name: Manuel Alejandro Ruiz

Title: CEO

Signature: *Manuel Alejandro Ruiz* (DocuSigned by: 30E5EF8659B343B...)

Date: June 1, 2020

SONG OF JOY RUIZ WONDER PUBLISHING, INC.

Name: Manuel Alejandro Ruiz

Title: CEO

Signature: *Manuel Alejandro Ruiz* (DocuSigned by: 30E5EF8659B343B...)

Date: June 1, 2020

MANUEL ALEJANDRO RUIZ

Name: Manuel Alejandro Ruiz

11

Signature: **Manuel Alejandro Ruiz**
DocuSigned by:
30E5EF8659B343B...

Date: June 1, 2020

# EXHIBIT A

12

DocuSign Envelope ID: 16602B4D-A32A-4401-90F2-C9322D7C8E86

13

# PERSONAL GUARANTY

The undersigned, MANUEL ALEJANDRO RUIZ, ("Guarantor"), the owner of Chosen Few Emerald Entertainment, Inc., Chosen Few Artist Management, Inc., Chosen Few Entertainment, LLC, and Song of Joy Ruiz Wonder Publishing, Inc., in consideration of the settlement of all claims alleged by Marissa Lonardo ("Lonardo") against Guarantor, does hereby unconditionally guarantee payment of monetary relief as detailed in the Settlement Agreement that resolves that civil action. That monetary relief includes payments to Lonardo totaling $90,000.00.

Guarantor acknowledges, represents, and warrants that the Settlement Agreement with Guarantor's guaranty of payment is in the best interest of Guarantor, and that Lonardo's agreement to the Settlement Agreement with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Settlement Agreement by Lonardo and that, without the agreement of Guarantor to execute this Guaranty, Lonardo: (1) would not agree to any deferred payment under the Settlement Agreement; and (2) would demand a larger total payment.

In the event that the Guarantor, for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the payments due under the Settlement Agreement, or any part thereof, by the date said payment is scheduled to made, Guarantor agrees to pay all amounts then due and owing, without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization, or dissolution of Ruiz or any successor, assign, or other entity, shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that Lonardo is not required to first enforce against Guarantor (or any successor, assign, or other entity) any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor. Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by Lonardo to enforce any liability, obligation, or duty guaranteed by this Guaranty without joining Ruiz, or any successor, assign or other entity, or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by Lonardo in enforcing the Guaranty.

Guarantor hereby consents to the jurisdiction of the United States District Court for the Eastern District of New York under the Settlement Agreement for the purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

EXECUTED to be effective as of this _____ day of May, 2021.

GUARANTOR:

14

By signing this document, I enter into this Guaranty and declare under the penalty of perjury that I am authorized to enter into this Guaranty.

NAME (printed):  Manuel Alejandro Ruiz

SIGNATURE:  *Manuel Alejandro Ruiz*
DocuSigned by:
30E5EF8659B343B...

TITLE:  Self

ADDRESS:  35-27 28 street

Long Island City NY, 11106

PHONE:  310-491-6215

15

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARISSA J. LONARDO,

       Plaintiff,        2:19-CV-04907 (DLI)(RML)
                **STIPULATION OF**
    -against-          **DISMISSAL WITH**
                  **PREJUDICE**

MANUEL ALEJANDRO RUIZ,
CHOSEN FEW EMERALD ENTERTAINMENT, INC.,
CHOSEN FEW ARTIST MANAGEMENT, INC.,
CHOSEN FEW ENTERTAINMENT, LLC, and
SONG OF JOY RUIZ WONDER PUBLISHING, INC.,

        Defendants.
------------------------------------------------------------------------X

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel of record for Plaintiff and Defendants that any and all claims asserted by Plaintiff in the above entitled action are hereby discontinued and dismissed, with prejudice, as against Defendants, without costs or attorneys' fees to any party as against another.

Dated: Albany, New York    Dated:  Carle Place, NY
   _____, 2021        _____, 2021


_____      _____
Michael W. Macomber, Esq     Rick Ostrove, Esq.
Tully Rinckey, PLLC        Leeds Brown Law, P.C.
441 New Karner Road       1 Old Country Rd., Suite 347
Albany, NY 12205        Carle Place, NY 11514
P: (518) 218-7100        P: (516) 873-9550
*Attorneys for Plaintiff*       *Attorneys for Defendants*

SO ORDERED:


_____

17